**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION**<br>**NO. 07-38-18** |
| **v.** | : | |
| | | **CIVIL ACTION** |
| **MATHIS MCMICKLE** | : | **NO. 14-541** |

**<u>MEMORANDUM</u>**

**Baylson, J.**                                                               **October 2, 2014**

Defendant has filed a *pro* se motion under 28 U.S.C. § 2255, attacking his conviction on

drug offenses.   Defendant was convicted by a jury of one substantive drug count, Count 60, for

using or allowing others to use his home for storage and distribution of drugs from December 23,

2006 to January 1, 2009.   Defendant was acquitted of a more serious charge of conspiracy to

distribute and possess with intent to distribute five (5) kilograms or more of cocaine and cocaine

base crack.

After the conviction, defendant appealed his sentence to the Third Circuit which affirmed

the judgment of conviction and sentence.

In his post-conviction petition, petitioner first asserts that his counsel was not competent.

The Court will reject that claim under the principles of *Strickland v. Washington*, 466 U.S. 668

1984.   The Court concludes that under the second prong there was no prejudice.   Regardless of

counsel's alleged errors, the outcome would not have been any different.   The evidence against

the defendant was overwhelming.   There was substantial testimony by many witnesses that

members of the drug gang had used the defendant's home with his knowledge to store and

distribute drugs and also firearms.   Also, the fact that defendant was acquitted of conspiracy is

significant factor in rebutting defendant's claim that this counsel was not competent, because the

evidence was sufficient to support a conviction for conspiracy.

Defendant also asserts that his counsel should have filed pretrial motions, which is not an adequate ground to show that he did not receive competent counsel.   There were no meritorious grounds for pretrial motions in this case.   As to the defendant's assertion that his counsel should have filed an alibi notice, this ground is also rejected.   Defendant is correct that he was not at his home for substantial periods of times during the alleged conspiracy, because he was in prison. There was a stipulation of record that defendant was not at home during these times, but there was also evidence that he had given wide ranging permission to other members of his drug gang to use his home for distribution and storage of drugs and firearms.   Thus, a notice of alibi defense would not have presented any substantive defense to the charges.   The fact that defendant was acquitted of the conspiracy charge shows that the jury had some doubts about the government's most serious charge against defendant.

The government's response goes into great detail about the nature of the stipulation and an accurate review of the evidence at trial.

The Court also rejects the defendant's arguments about the lack of a judicial signature on his arrest warrant, and his allegation that the government engaged in misconduct.   These allegations are not supported by the factual record.   Defendant does not accurately state the facts of record as they were introduced by trial testimony.

The Court cannot entertain any challenge to the defendant's sentence because it has already been raised in the direct appeal and rejected by the Third Circuit.

For the above reasons, the defendant's petition will be denied.

An appropriate Order follows.

O:\CRIMINAL CASES\07-38-18 MCMICKLE\07CR38.MEMO.DOCX